IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TINA BRYANT,

    Plaintiff,

vs.            Case No. 12-4059-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

    Defendant.


MEMORANDUM AND ORDER

  This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. After plaintiff filed his brief (Doc. 12), defendant filed a motion to reverse the decision of the Commissioner, and to remand the case for further hearing (Doc. 17-18). Plaintiff filed an objection to the motion to remand (Doc. 19). Defendant then filed a reply brief (Doc. 20).

**I. General legal standards**

  The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment

expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the

agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On September 13, 2007, administrative law judge (ALJ) Edmund C. Were issued the 1st decision finding that plaintiff was not disabled (R. at 15-27). Plaintiff sought judicial review of the agency action, and on November 8, 2010, the U.S. District Court for the District of Kansas reversed the decision of the Commissioner and remanded the case for further hearing (Doc. 477-506; Case No. 09-4159-RDR). On March 28, 2012, ALJ James Harty issued a 2nd decision, again finding that plaintiff was not disabled (R. at 455-475). Plaintiff has again sought judicial review of the agency action.

**III. Should the case be remanded for further hearing or for an award of benefits?**

Plaintiff's initial brief raises 3 issues: (1) the date in which plaintiff was last insured was incorrect, (2) the ALJ failed to properly consider the medical source opinions, and (3) the ALJ erred in his credibility analysis (Doc. 12 at 9-16). Defendant's motion to remand concedes that the ALJ erred on the 1st issue, but does not address the remaining two issues (Doc. 18). Plaintiff argues that the unsupported rejection of three medical opinions warrants a remand for an award of benefits (Doc. 19).

When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of

5

benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has been a long delay as a result of the defendant's erroneous disposition of the proceedings, courts can exercise their discretionary authority to remand for an immediate award of benefits. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993). The defendant is not entitled to adjudicate a case ad infinitum until it correctly applies the proper legal standard and gathers evidence to support its conclusion. Sisco v. United States Dept. of Health & Human Services, 10 F.3d 739, 746 (10th Cir. 1993). A key factor in remanding for further proceedings is whether it would serve a useful purpose or would merely delay the receipt of benefits. Harris v. Secretary of Health & Human Services, 821 F.2d 541, 545 (10th Cir. 1987). Thus, relevant factors to consider are the length of time the matter has been pending, and whether or not, given the available evidence, remand for additional fact-finding would serve any useful purpose, or would merely delay the receipt of benefits. Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006). The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

The first issue for the court to consider is the amount of time that the case has been pending. Plaintiff filed her application for disability insurance on July 12, 2005 (R. at 15). Therefore, this case has now been pending nearly 8 years. This case has already been remanded once by the U.S. District Court because of errors in the 1st ALJ decision.

The second issue for the court to consider is whether a remand would serve any useful purpose, or would merely delay the receipt of benefits. Plaintiff argues that the ALJ's rejection of the various medical opinions (Dr. Burden, Dr. Anderson, and Ms. Anderson) was "unsupported" (Doc. 19 at 1). The ALJ, in making his RFC findings, gave greater weight to a state agency medical assessment by Dr. Siemsen (R. at 468), and noted the varying opinions of Dr. Burden, Ms. Anderson, Dr. Anderson, Dr. Witt, and Dr. Adams regarding plaintiff's mental impairments and limitations (R. at 468-473). The ALJ gave significant weight to the opinions of Dr. Adams, who provided a state agency assessment (R. at 471), and gave some weight to the opinions of Dr. Anderson (R. at 469).

In a number of cases, the 10th Circuit has reversed the decision of the Commissioner and remanded the case for an award of benefits. Groberg v. Astrue, 415 Fed. Appx. 65, 73 (10th Cir. Feb. 17, 2011 (given a proper analysis and evaluation of his mental impairments, there is no reasonable probability that

Groberg would be denied benefits); Madron v. Astrue, 311 Fed. Appx. 170, 182 (10th Cir. Feb. 11, 2009)(giving due consideration to Ms. Madron's significant back pain, there is no reasonable probability that she would be denied benefits); Huffman v. Astrue, 290 Fed. Appx. 87, 89-90 (10th Cir. July 11, 2008)(six years have passed since claimant applied for benefits; given the lengthy delay that has occurred from the Commissioner's erroneous disposition of the matter, the court exercised its discretion to award benefits); Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(given the lack of evidence that she would not be disabled in the absence of drug or alcohol use, a remand would serve no useful purpose); Sisco v. U.S. Dept. of HHS, 10 F.3d 739, 746 (10th Cir. 1993)(case pending with Secretary for 8 years; plaintiff exceeded what a claimant can legitimately be expected to prove to collect benefits; furthermore, the record revealed that the ALJ resented plaintiff's persistence, refused to take her case seriously, and at times treated her claim with indifference or disrespect); Williams v. Bowen, 844 F.2d 748, 760 (10th Cir. 1988)(the record fully supports a determination that claimant is disabled); see also Graham v. Sullivan, 794 F. Supp. 1045, 1053 (D. Kan. 1992)(Crow, J., several physicians, including treating physician, opined that plaintiff is disabled, and their opinions stand uncontroverted).

In other cases, the 10th Circuit reversed the decision of the Commissioner and remanded the case for further hearing. Hamby v. Astrue, 260 Fed. Appx. 108, 113 (10th Cir. Jan. 7, 2008)(based on the record, the court was not convinced that a remand would be an exercise in futility); Tucker v. Barnhart, 201 Fed. Appx. 617, 625 (10th Cir. Oct. 19, 2006)(even though case pending for 9 years, additional fact-finding and consideration by ALJ appropriate in the case); Miller v. Chater, 99 F.3d 972, 978 (10th Cir. 1996)(in light of use of incorrect legal framework and other errors, and because the appeals court does not reweigh the evidence, the case was remanded for further proceedings even though court acknowledged that there had already been four administrative hearings).

In five of the seven cases cited above in which the court remanded for an award of benefits, the court found that the evidence clearly established that plaintiff was disabled. By contrast, in Hamby, the court found that, based on the facts of the case, a remand would not be an exercise in futility. In Tucker, the court remanded the case for further hearing even though it had been pending for 9 years because the court found that additional fact-finding and consideration by the ALJ would be appropriate. In Miller, the court remanded the case for further hearing despite numerous errors, noting that the appeals court does not reweigh the evidence.

In the prior court decision, Judge Rogers found that the ALJ failed to properly consider medical source evidence in his opinion (R. at 505). However, the court, in its earlier decision, remanded the case for further hearing, stating that it was unconvinced that a remand for further factfinding would not serve a useful purpose (R. at 506).

As the court noted above, there are a number of varying medical opinions in this case regarding plaintiff's mental and physical limitations. This is reflected in both the earlier court opinion and the ALJ's 2nd decision. In light of the variance in medical opinions regarding plaintiff's RFC, the court finds that a remand for further hearing would serve a useful purpose. On remand, the ALJ is directed to discuss each of the medical opinions regarding plaintiff's RFC, and make a determination of the relative weight that will be accorded to each opinion, fully complying with the requirements set out in SSR 96-8p. Furthermore, the Commissioner is reminded that he is not entitled to adjudicate a case ad infinitum.

IT IS THEREFORE ORDERED that the motion to reverse the decision of the Commissioner and to remand for further hearing (Doc. 17-18) is granted. The decision of the Commissioner is reversed, and the case is remanded (sentence four remand) for further hearing in accordance with this opinion.

Dated this 30th day of May, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge