```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

TINA BRYANT,

                Plaintiff,

vs.                                   Case No. 12-4059-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.


                AMENDED MEMORANDUM AND ORDER

    Plaintiff twice appealed final decisions of the Commissioner that denied plaintiff disability insurance benefits. On both occasions, the decision of the Commissioner was reversed and remanded for further hearing (Doc. 21). Plaintiff's case has been pending for over 9 years, since July 12, 2005 (Doc. 21 at 7). After the 1st remand, the Court awarded plaintiff $4,800.00 in attorney fees under the Equal Access to Justice Act (<u>Bryant v. Astrue</u>, Case No. 09-4159-RDR, Doc. 23). After the second remand, the Court awarded plaintiff $3,142.98 in attorney fees under the Equal Access to Justice Act (EAJA) (Doc. 24).

    On August 10, 2014, defendant found plaintiff disabled and entitled to disability benefits beginning December 2005 (Doc. 25-1 at 2). Plaintiff's attorney has filed a motion for an

award of attorney fees under 42 U.S.C. § 406(b) (Doc. 25). Defendant filed a response, indicating that she has no objection to plaintiff's motion (Doc. 26).

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In exchange for representation in her case, plaintiff agreed to pay her attorney, Donald Baker, 25% of the past-due benefits, minus any EAJA fees awarded (Doc. 25-2). Mr. Baker seeks § 406(b) attorney fees of $17,525.75, or 25% of past-due benefits (Doc. 25). Counsel indicated that he spent a total of 41.9 hours on the civil litigation (Doc. 25-4). The fee request thus represents an effective hourly rate of $418.28.

In the case of Vaughn v. Astrue, Case No. 06-2213-KHV, 2008 WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that $344.73 was a reasonable hourly fee.  In Smith v. Astrue, Case No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court approved an hourly fee of $389.61.  See Robbins v. Barnhart, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the Commissioner noted that, in interpreting Gisbrecht, courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

The requested hourly fee by counsel is within the range of the hourly fees approved in the above cases.  The court therefore finds that a § 406(b) fee of $17,525.75, which represents an hourly fee of $418.28 (for 41.9 hours) is a reasonable fee in this case.

IT IS THEREFORE ORDERED that the motion by plaintiff's attorney for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 19) is granted.  Plaintiff's attorney, Donald Baker, is entitled to $17,525.75 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount which she is withholding from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel, Donald Baker, shall refund to plaintiff $7,942.98, which he received as fees under the EAJA in 2011 and 2013, after plaintiff's attorney

receives his $17,525.75 in attorney's fees from the Commissioner.

Dated this 23rd day of December 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge